**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JUAN SILVA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MCBATH CONSTRUCTION, INC.** | ) |
| **and MICHAEL MCBATH, individually,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

Plaintiff, Juan Silva, by and through his attorneys, Becerra Law Group, LLC, for his complaint against McBath Construction, Inc. and Michael McBath, individually, (herein "Defendants"), state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("IECA"), and the Illinois Wage Payment and Collection Act ("IWPCA").

2.     Plaintiff worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

3.     Plaintiff has been misclassified as an independent contractor.

4.     Plaintiff was not paid accrued vacation time at the time he was separated from his employment.

1

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

7.      Plaintiff Juan Silva resides and is domiciled in this judicial district.

8.      Plaintiff Juan Silva is a former employee of Defendants and was employed by

Defendants in this judicial district.

9.      During the course of his employment, Plaintiff Juan Silva handled goods that

moved in interstate commerce, including but not limited to paint, drywall, and plaster.

10.      Plaintiff was classified as an independent contractor and given a 1099 for work

performed in the year 2021.

11.      Defendant McBath Construction, Inc. (hereinafter "McBath"), is an Illinois

corporation doing business within this judicial district. Defendant McBath is an "enterprise" as

defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A),

29 U.S.C. § 203(s)(1)(A).

12.      During the last three years McBath's annual gross volume of sales made or business

done has exceeded $500,000.00 exclusive of excise taxes.

13.      Michael McBath is involved in the day-to-day business operation of McBath.

Among other things, Defendant Michael McBath has the authority to hire and fire employees, the

authority to classify employees, the authority to direct and supervise the work of employees, and the authority to participate in decisions regarding employee compensation.

14.     Defendant Michael McBath resides in and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

15.     McBath is a construction and property maintenance firm based in Downers Grove, Illinois.

16.     Plaintiff was employed by Defendants to perform construction work including, but not limited to, painting, installing drywall, plastering, installing vinyl floors, and installing doors.

19.     Defendants managed Plaintiff's work, including the number of hours he worked and the locations where Plaintiff performed that work.

20.     Defendants set Plaintiff's schedule.

21.     Defendants paid Plaintiff on a weekly basis.

22.     Defendants dictated, controlled, and ratified the wages earned and hours worked and all related employee compensation policies.

23.     Defendants paid the Plaintiff $25.00 per hour.

24.      At all times, Defendants maintained direct supervisory authority over Plaintiff.

25.     Defendants provided all of the materials Plaintiff used to perform his work.

26.      Plaintiff worked exclusively for Defendants from April 2020 to April 25, 2022.

27.     Defendants did not pay payroll taxes for the wages Plaintiff earned to the United States and the State of Illinois that are required of employers and not required for independent contractors.

28.     Defendants failed to pay Plaintiff at a rate of one and one-half times his regular

3

hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA, the IMWL, and the ECA.

29.     Plaintiff worked 43.5 hours and was paid $1,087.50 for the week of April 18. 2022 through April 24, 2022.

31.     Plaintiff worked 44 hours and was paid $1,100.00 for the week of April 04, 2022 through April 10, 2022.

32.     Plaintiff worked 44 hours and was paid $1,100.00 for the week of March 7, 2022 through March 14, 2022.

33.     Plaintiff worked 58 hours and was paid $1,100.00 for the week of February 21, 2022 through February 27, 2022.

34.     There were other weeks in which Plaintiff worked more than 40 hours and was paid the same rate for all hours worked.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

35.     Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

37.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

38.     Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39.     During the course of his employment by the Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

4

40.    Plaintiff was not an independent contractor.

41.    Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week in certain work weeks.

42.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

43.    Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

44.    Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

45.    Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

46.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times his hourly rate for all time Plaintiff worked in excess of 40 hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorney fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

47.    Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

49.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

50.    At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

51.    During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

52.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

53.    Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

54.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

55.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of one and one-half times his regular hourly rate for all time Plaintiff worked in excess of 40 hours per week;

B.   Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.   Reasonable attorney fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Employee Classification Act – Employee Misclassification**

56.   Plaintiff hereby realleges and incorporates paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57.   This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiff as an "employee" and their failure to pay Plaintiff his earned wages as required by the IMWL.

58.   During the course of his employment with Defendants, Plaintiff was Defendants' "employee" as defined by the ECA, 820 ILCS 185/10.

59.   Defendants controlled and supervised Plaintiff's work; provided all materials for him to perform his work; and controlled Plaintiff's work schedule.

60.   Plaintiff performed work that was inside the normal course of services provided by Defendants' business.

61.   Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of all back wages due under the IMWL as set forth more fully in this Complaint;

B. Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL;

C. Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D. Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E. Reasonable attorney fees and costs of this action; and

F. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act**

62. Plaintiff incorporates and realleges paragraphs 1 through 61 as if fully set forth herein.

63. Defendants afforded employees paid time off as a term of their employment.

64. Defendants paid for Plaintiff to take one week of vacation in calendar year 2021.

65. The IWPCA provides that paid time off vests proportionately as labor is rendered; that upon termination of employment an employee is entitled to a pro rata share of vested personal time off; and that accrued personal time off is part of an employee's wages and thus cannot be forfeited. 820 ILCS 115/5; 56 Ill. Admin. Code § 300.520.

66 Defendant violated the IWPCA by not paying Plaintiff his accrued personal time at her termination.

WHEREFORE, Plaintiff prays for a judgment against Defendants:

A. A judgment in the amount of all unpaid wages due, as provided by the IWPCA;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C. Liquidated damages in the amount of all unpaid wages in accordance with 820

8

ILCS 175/95(a)(1);

D.     Reasonable attorney fees and costs incurred in filing this action; and

E.     Such other and further relief as this Court deems appropriate and just.

Dated:  May 6, 2022

Respectfully submitted,

**JUAN SILVA**

By:  _/s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@becerralawgroup.com

9